DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (motion) filed June 13, 2008. The court discussed the motion with the parties during a case management conference held September 16, 2008. Christopher M. Zervis appeared for Plaintiffs. Scarlet Weigel and Dennis Wardwell participated for Defendant.
 I. STATEMENT OF FACTS
Plaintiffs appeal the 2005-06 assessed value of the property identified in Defendant's records as Account R193143. For the current tax year 2007-08, Defendant assigned the property a real market value (RMV) of $938,440 and a maximum assessed value (MAV) of $513,540. Plaintiffs do not timely contest the current RMV of the property. Rather, they focus on an assessment date (January 1, 2005) that occurred two tax years earlier.
Plaintiffs acquired the subject residence on February 16, 2007; they paid $885,000. They did not file an appeal to the Multnomah County Board of Property Tax Appeals (BOPTA) in the fall of that year.
Someone else owned this property on January 1, 2005. For that assessment date, Defendant's appraiser interviewed that owner and was told the property construction had been completed. As a result, based on the appraiser's judgment, $473,130 RMV was added as *Page 2 
"exception value" for the 2005-06 tax year. The owner at that time did not protest that action or exception value to BOPTA; nor was a tax year 2006-07 BOPTA petition filed.
Plaintiffs now contend that the "exception value added in 2005 was incorrect and added to the tax roll in error." (Ptf's Compl at 1.)
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by adding together the MAV of the property prior to the improvements to the RMV of the new *Page 3 
improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1)(b).
As of January 1, 2004 the subject property was partially complete. According to the official appraisal records, the remainder of construction was completed prior to the 2005-06 assessment date. Defendant captured this "exception value" for the 2005-06 tax year. Plaintiffs' predecessor-in-interest did not appeal those values earlier to BOPTA.
In 2005, Plaintiffs completed modifications to their home. Defendant captured this "exception value" for the 2005-06 tax year, when the revised MAV became $484,070. From that base value, the MAV increased the allowable three percent to $498,590 for the 2006-07 tax year and to $513,540 for tax year 2007-08. Because the current MAV is less than the property's RMV, it is the property's AV for tax year 2007-08. The court finds that Defendant calculated the 2005-06 MAV properly with the information available at that time and there is no basis for changing it during a later tax year. Any mistake as to the 2005 exception value is clearly an error in appraisal judgment. That is not correctable as a clerical error. ORS 311.205(1)(b).
The concept of MAV is an artificial statutory creation. In Taylor v.Clackamas County Assessor (I), the Tax Court held:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18). If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of `unfairness.' That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
14 OTR 504, 511 (1999) (decision withdrawn on other grounds). *Page 4 
The court reiterated its holding in Ellis v. Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court finds, therefore, that it is without authority to adjust the MAV for a prior tax year based on Plaintiffs' allegations.
 III. CONCLUSION
The court concludes that Defendant calculated the 2005-06 MAV properly and, as a result, the court is without authority to modify the AV of the property during a later tax year. Consequently, the court finds Defendant's Motion to Dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ____ day of October 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or this decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on October3, 2008. The Court filed and entered this document on October 3,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.